**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALBERT ALEX HAZZOURI, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services,<br><br>Defendant. | CIVIL ACTION NO. 3:25-CV-01296<br><br>(SAPORITO, J.) |

**MEMORANDUM**

The plaintiff seeks judicial review of a final decision issued by the Department of Health and Human Services, Departmental Appeals Board on May 16, 2025, which affirmed a January 7, 2025, decision of the Administrative Law Judge excluding the plaintiff from participation in Medicare, Medicaid, and all other federally funded health care programs for a period of five years pursuant to Section 1128(a)(2) of the Social Security Act, 42 U.S.C. § 1320a-7(a)(2). Now before the Court is the Secretary's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative, motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. 10). The motion has been briefed by the parties (Doc. 11;

Doc. 20; Doc. 25; Doc. 28) and it is now ripe for review.

## I. Background[1]

At the time of the underlying events, the plaintiff was a dentist with an office located at 600 Lackawanna Avenue in Scranton Pennsylvania. On May 19, 2021, the plaintiff performed a dental procedure on A.H.[2] at his office. On June 28, 2021, a police criminal complaint was filed in Lackawanna County, Pennsylvania, alleging that the plaintiff had harassed and committed indecent assault against A.H. without her permission in violation of 18 Pa. C.S. § 3126(a)(1) and 2709(a)(3). The

[1] The facts are taken from the defendant's "Statement of Material Facts" accompanying its motion to dismiss, and in the alternative, motion for summary judgment. (Doc. 11). We note, however, that the plaintiff has failed to file a numerical paragraph counterstatement of material facts as required under Middle District of Pennsylvania Local Rules to oppose summary judgment. Local Rule 56.1 dictates that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required" of the moving party. M.D. Pa. L.R. 56.1. Local Rule 56.1 further provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.* Here, because the plaintiff does not contest the material facts proffered by the Secretary, the material facts included in the defendant's "Statement of Material Facts" are deemed undisputed.

[2] The United States redacted the full patient's name from the Administrative Record to protect the patient's privacy. Accordingly, the patient is referred to by the initials, A.H.

plaintiff pleaded guilty to Simple Assault in violation of 18 Pa. C.S. § 2701. During the plea colloquy, the plaintiff admitted that he "intentionally, knowingly, or recklessly, cause[d] bodily injury" to A.H. by grabbing her "without her consent in an offensive manner, in the parking lot adjacent to 600 Lackawanna Avenue, City of Scranton, causing physical impairment or substantial pain."

On July 31, 2024, the Inspector for the Department of Health and Human Services ("I.G.") notified the plaintiff of his exclusion under Section 1128(a)(2) of the Act for five years. The IG imposed this exclusion based on the plaintiff's guilty plea to Simple Assault in violation of 18 Pa. C.S. § 2701. On August 8, 2024, the plaintiff filed a request for a hearing with the Civil Remedies Division of the Departmental Appeals Board. On January 7, 2025, the Administrative Law Judge ("ALJ") upheld the I.G.'s exclusion of the plaintiff and overruled the plaintiff's objection to the I.G.'s exclusion. Pertinent to this action, the ALJ rejected the plaintiff's request for an in-person hearing because the ALJ found that the plaintiff's proposed testimony "would only serve to collaterally attack Petitioner's conviction, duplicate existing factual evidence already in the record, or call for a legal conclusion." Moreover, the ALJ determined that

the plaintiff "was convicted of a criminal offense related to the abuse of a patient, in connection with the delivery of a healthcare service requiring exclusion under 42 U.S.C. § 1320a-7(a)(2)."

On February 21, 2025, the plaintiff filed a notice of appeal, and on May 16, 2025, the Appellate Division of the Civil Remedies Division of the Departmental Appeals Board affirmed the ALJ's decision to exclude the plaintiff under 42 U.S.C. § 1320a-7(a)(2). On July 15, 2025, the plaintiff filed this action seeking to overturn his exclusion and overturn the ALJ's decision.

## II. Legal Standard

As we noted above, the Secretary brings a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative, motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most

favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at

248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

Parties seeking summary judgment bear "the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. A court must first determine if the moving party has made *prima facie* showing that it is entitled to summary judgment when evaluating such a motion. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Parties may cite to "particular parts of materials in the record,

including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

## III. Discussion

As we noted above, the plaintiff seeks judicial review of the Secretary's decision to exclude the plaintiff from participation in federally funded health care under 42 U.S.C. § 1320a-7(a)(2).

An individual or entity excluded from program participation under 42 U.S.C. § 1320(a)-7 is entitled to judicial review. 42 U.S.C. § 1320(a)-

7)(f) (incorporating by reference the standard of review delineated in 42 U.S.C. § 405(g)). Section 405(g) authorizes the Court to enter, based upon the pleadings and transcript of the record, judgment affirming, modifying, or reversing the Secretary's decision without remanding for a rehearing. *See* 42 U.S.C. § 405(g) (fourth sentence). The Secretary's findings as to any fact are conclusive if they are supported by substantial evidence. *Id.* (fifth sentence). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552 (1988). A single piece of evidence is not substantial if the ALJ ignored countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "Where the ALJ's findings are supported by substantial evidence, [the Court is] bound by those findings, even if [the

Court] would have decided the factual inquiry differently." *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (citation omitted); *see Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986) (noting that an ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion."). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 502 (3d Cir. 2004) (citing *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). Accordingly, the question before the Court is whether the Secretary's decision to affirm the ALJ's decision to exclude the plaintiff from participation in federally funded health care under 42 U.S.C. § 1320a-7(a)(2) is supported by substantial evidence and whether the process leading to that decision abided by the correct legal standards.

The plaintiff's contentions can be divided into three distinct arguments. First, the plaintiff contends that the ALJ's exclusion decision, affirmed by the Secretary, applied improper legal standards and was not in accordance with the law because the ALJ excluded his proposed witnesses from testifying, denied him an evidentiary hearing, and decided the case solely on the written record. Second, the plaintiff argues

that the ALJ's exclusion decision applied improper legal standards and was not in accordance with applicable law because the ALJ improperly admitted a withdrawn criminal complaint into evidence and relied on that complaint when concluding that the plaintiff's conduct fell under 42 U.S.C. § 1320a-7(a)(2). Third, the plaintiff argues that the Secretary's decision to exclude him from participating in federally funded healthcare programs was not supported by substantial evidence in the record. Accordingly, the plaintiff contends that he is entitled to an order vacating the exclusion and remanding the matter back to the ALJ for further proceedings consistent with the applicable legal standards.

We first analyze the plaintiff's claim that the ALJ failed to abide by the correct legal standards by excluding his proposed witnesses from testifying, denying him an evidentiary hearing, and deciding the case solely on the written record. An ALJ has the discretion to determine the admissibility of evidence, *see* 42 C.F.R. § 1005.17(a), and is not bound by the Federal Rules of Evidence. *Id.* § 1005.17(b). An ALJ's application of the Federal Rules of Evidence is discretionary. *Id.* However, an ALJ must exclude irrelevant or immaterial evidence, and even if evidence may be relevant, it "may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or by considerations of undue delay or needless presentation of cumulative evidence." *Id.* §§ 1005.17(c),(d).

The plaintiff challenges the determination of the Departmental Appeals Board reaffirming the ALJ's decision to preclude hearing testimony from the plaintiff's two witnesses—his criminal defense attorney and his dental assistant. The ALJ found, and the Departmental Appeals Board affirmed, that the testimony from the plaintiff's criminal defense attorney discussing the plaintiff's guilty plea negotiations was irrelevant to the issue of whether the I.G. had a basis for excluding the plaintiff from federally funded health care programs under 42 U.S.C. § 1320a-7(a)(2), and that the attorney's testimony concerning the location of the offense would prove "needless presentation of cumulative evidence." (Doc. 11-1, at 25). In addition, the ALJ found, and the Departmental Appeals Board affirmed, that the testimony from the plaintiff's dental assistant was irrelevant because it contradicted the plaintiff's guilty plea and constituted an impermissible collateral attack on his conviction in the case. (*Id.*, at 25–26) (citing *Adel A. Kallini, M.D.*, DAB No. 2944, at 6 n.3 (2019)) ("Having been convicted, [a petitioner] is

precluded from re-litigating the criminal charges in administrative proceedings before the ALJ or the Board.").

As we noted above, an ALJ must exclude irrelevant or immaterial evidence in the record, 42 C.F.R. § 1005.17(a), and may exclude evidence reflecting a "needless presentation of cumulative evidence." *Id.* § 1005.17(d). Here, after analyzing the record, the ALJ determined that the plaintiff's proposed testimony was either irrelevant or a "needless presentation of cumulative evidence." (Doc. 11-1, at 25–26). The ALJ's decision to preclude hearing testimony from the plaintiff's two witnesses, as affirmed by the Departmental Appeals Board, was therefore within its discretion. Accordingly, we find that the ALJ's decision to deny the plaintiff an evidentiary hearing concerning the proposed witnesses' testimony and decide the case solely on the written record followed the appropriate legal standards.

Similarly, we find that the ALJ's decision to admit "I.G. Exhibit 5" into evidence was within its discretion. I.G. Exhibit 5 "contains the Complaint and affidavit from the Detective summarizing A.H.'s allegations against Petitioner." (Doc. 11-1, at 28) (citing I.G. Ex. 5). Upon review of the exhibit, the Departmental Appeals Board noted that the

ALJ determined that the exhibit was "relevant and material, not outweighed by the risk of unfair prejudice, or otherwise admissible." (*Id.*, at 29) (citations omitted). Therefore, the ALJ's allowance of I.G. Exhibit 5 into the record as evidence was within its discretion under 42 C.F.R. §§ 1005.17(c),(d). Moreover, while the plaintiff argued then, and does so here before the Court, that because the complaint was ultimately withdrawn by the prosecutor, it should have been inadmissible. The Departmental Appeals Board correctly concluded that the Code of Federal Regulations allows an ALJ broad discretion to admit or exclude evidence independent of the Federal Rules of Evidence, as the ALJ did here. (Doc. 11-1, at 29) (citing 42 C.F.R. §§ 1005.17(a),(b)); *see Welsh v. Comm'r Soc. Sec.*, 662 F. App'x 105, 109 (3d Cir. 2016) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure.") (citing 42 U.S.C. § 405(b)(1)). Accordingly, we find that the Secretary applied the correct legal standards when using discretion to admit, and rely upon, I.G. Exhibit 5 in his determination that the I.G. appropriately excluding the plaintiff from federally funded health care programs under 42 U.S.C. § 1320a-7(a)(2).

Nonetheless, the plaintiff also contends that the Secretary's decision to exclude the plaintiff federally funded health care programs under 42 U.S.C. § 1320a-7(a)(2) was not supported by substantial evidence in the record. As we noted above, Section 1320a-7(a)(2) applies where the underlying criminal offense is "related to abuse or neglect of a patient in connection with the delivery of a health care item or service." 42 U.S.C. § 1320a-7(a)(2). Specifically, the plaintiff argues that A.H. was not a "patient" under § 1320a-7(a)(2), and even if she was, the plaintiff's simple assault criminal conviction was not "in connection with the delivery of a health care item or service." Upon review of the record, however, we find that the Secretary's decision is supported by substantial evidence in the record.

The plaintiff's definition of "patient" relies upon the premise that an individual is only a patient during the appointment itself, arguing that A.H. was not a "patient" during the underlying criminal offense because A.H.'s dental visit had concluded immediately prior to the underlying criminal offense. However, the Secretary disagreed with that interpretation and rejected "the absurd premise than an individual ceases to be a dentist's patient, and her dentist may assault her with

impunity from exclusion under the Act, each time she steps outside the dentist's office building." (Doc. 11-1, at 39). In doing so, the Secretary acknowledged that the ALJ relied upon Pennsylvania law governing the practice of dentistry and the definition of "patient" and found it to be: "[a] person that is in the process of dental treatment with a Board-regulated practitioner or who has been treated by the Board-regulated practitioner within the previous 3 months." (*Id.*, at 15 n.4) (citing 49 Pa. Code § 33). Because A.H. had been treated by the plaintiff the same day as the underlying criminal offense, the ALJ found that A.H. was, for all intents and purposes, the plaintiff's patient under 42 U.S.C. § 1320a-7(a)(2). Moreover, the ALJ found not only that there was no evidence that the patient-dentist relationship between A.H. and the plaintiff had been terminated before the assault, but also that the plaintiff sought to continue that relationship by offering A.H. lifetime free dental care. (*Id.* at 25). Upon review of the record, we find a "reasonable mind might accept [such evidence] as adequate to support" the conclusion that A.H. was a patient at the time of the underlying criminal offense. *Pierce*, 487 U.S. at 552 (defining "substantial evidence").

Moreover, we also find that the Secretary's determination that the

plaintiff's criminal offense was "in connection with the delivery of a health care item or service" was supported by substantial evidence. In affirming the ALJ's exclusion decision, the Secretary interpreted the phrase "in connection with" to require only a "minimal nexus" between the abuse or neglect and the delivery of a health care item or service based on long-standing Departmental Appeals Board precedent. (Doc. 11-1, at 35) (citing *Robert C. Hartnett*, DAB No. 2740, at 10 (2016) and *Kamron Hakhamimi, M.D.*, DAB No. 2408, at 8 (2011), *appeal dismissed per stipulation*, No. 2:11-CV-08836 (JEMx) (C.D. Cal. May 10, 2012)). Based on the facts and circumstances of the case, the Secretary concluded that:

> [The plaintiff's] criminal offense related to his abuse of a patient in close connection – both temporally and spatially – with the delivery of a health care item or service. At the time of the offense, [the plaintiff] had just performed a dental procedure on A.H. [The plaintiff] accompanied A.H. out of the dental office and out of the building, and upon reaching A.H.'s car parked in the lot adjacent to [the plaintiff's] office, [the plaintiff] grabbed her without consent in an offensive manner, causing bodily injury. We agree with the ALJ that these facts alone are sufficient to establish a minimal nexus between [the plaintiff's] assault conviction and the delivery of a healthcare service.

(Doc. 11-1, at 40–41). Upon review of the record, we find that substantial

evidence supports the Secretary's conclusion. We agree with the ALJ's determination that the plaintiff's relationship with A.H. "placed him in a position of trust and authority that facilitated the assault" and that "A.H. would not have gone with [the plaintiff] to the parking lot … but for the fact that she was [the plaintiff's] patient, had just received dental care, and was walking to her car where she had parked in a lot adjacent to [the plaintiff's] practice for the purpose of obtaining the dental procedure." (*Id.*, at 41). Moreover, we acknowledge, as did the Departmental Appeals Board and the Secretary, that Section 1320a-7(a)(2) "is not limited to instances where the conduct underlying the conviction took place during the provision of medical care." (*Id.*) (citing *Narenda M. Patel, M.D.*, DAB No. 1736 (2000), *aff'd* 319 F.3d 1317 (11th Cir. 2003), *cert. denied*, 539 U.S. 959 (2003)). Therefore, we find that the Secretary's finding that the underlying criminal offense was "related to abuse or neglect of a patient in connection with the delivery of a health care item or service" was supported by substantial evidence in the record. Accordingly, we find that the Secretary's decision to affirm the ALJ's decision to exclude the plaintiff from participation in federally funded health care under 42 U.S.C. § 1320a-7(a)(2) is supported by substantial evidence in the record

and the Secretary correctly applied the relevant legal standards.

The plaintiff also advances a claim under the Administrative Procedure Act ("APA"), arguing that the Secretary's decision to exclude the plaintiff from federally funded health care programs under 42 U.S.C. § 1320a-7(a)(2) is "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law." (Doc. 4, ¶ 205). The Secretary, in response, asserts that the plaintiff is not entitled to relief under the APA and that applied standard because the sole jurisdictional basis to challenge the Secretary's exclusion falls under 42 U.S.C. § 1320a-7(f), where the Court reviews whether the Secretary's finding is supported by substantial evidence and abides by the correct legal standards pursuant to 42 U.S.C. § 405(g). While the Third Circuit has not definitively answered whether Section 405(g) provides the exclusive avenue for judicial review or if exclusion orders are also subject to review under the APA's arbitrary and capricious standard, it has held that the standards are essentially the same. *See Ginsburg v. Richardson*, 436 F.2d 1146, 1148 n.1 (3d Cir. 1971) ("We need not decide whether the Administrative Procedure Act supersedes the Social Security Act with respect to judicial review of final decisions of the Secretary for the standard of review in the

Administrative Procedure Act is precisely the same standard of judicial review appearing as Section 205(g) of the Social Security Act."); *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Krystoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995). Therefore, provided "the Secretary, in making his findings, applied the correct legal standards to the facts presented," *Friedberg*, 721 F.2d at 447, the plaintiff cannot sustain an APA claim. As we noted above, we find that the Secretary did satisfy that standard. Accordingly, the plaintiff's APA claim will be dismissed.

The plaintiff also claims that the administrative proceedings in this action violated his Fifth Amendment due process rights. The Third Circuit has held that to prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property, and (2) that the deprivation occurred without due process of law." *Burns v. PA Dept' of Corr.*, 544 F.3d 279, 285 (3d Cir. 2008) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Here, the plaintiff argues that he has a valid property interest in "continued participation as a provider in Medicare, Medicaid, and other federally funded healthcare programs" and that the administrative

proceeding violated due process because his proposed witnesses were excluded without an evidentiary hearing. (Doc. 4, ¶ 180–182). While the Third Circuit has not yet weighed in on whether providers have protected property interests in the continued participation of federal health care programs, we note that the majority of Circuit courts analyzing that issue have found that providers do not have property rights in the continued participation in federal health care programs. *See Shah v. Azar*, 920 F.3d 987, 998 (5th Cir. 2019); *Parrino v. Price*, 869 F.3d 392, 398 (6th Cir. 2017); *Erickson v. U.S. ex rel. Dep't of Health & Hum. Servs.*, 67 F.3d 858, 862 (9th Cir. 1995); *Koerpel v. Heckler*, 797 F.2d 858, 864 (10th Cir. 1986). Indeed, at least one district court in this Circuit has ruled the same. *Lilia Gorovits, M.D. P.C. v. Becerra*, No. CV 20-1850, 2021 WL 1962903, at *6 (E.D. Pa. May 17, 2021) ("Although the Third Circuit has yet to decide this issue, the Court is persuaded by the relevant decisions from other circuit courts and conclude that [an individual] has no protected property right in the continued participation and billing privileges in the Medicare program."). Accordingly, we are persuaded by the findings of Fifth, Sixth, Ninth, and Tenth Circuits and the Eastern District of Pennsylvania that the plaintiff has no protected property right in the continued

participation and billing privileges in the federally funded healthcare programs. Therefore, without an identifiable protected interest, we find that the plaintiff cannot sustain his Fifth Amendment due process claim.

The plaintiff also argues that the Secretary's decision to exclude the plaintiff from federal programs is "inconsistent, disproportionate, and violates Plaintiff's right to equal protection and substantive due process under the Fifth Amendment" in light of the Pennsylvania State Board of Dentistry's decision to not suspend, restrict, or revoke the plaintiff's dental license. (Doc. 4, ¶¶ 210, 212). The plaintiff, however, has failed to cite any case law supporting this assertion.

"Review of an equal protection claim in the context of agency action is similar to that under the APA. That is, an agency's decision must be upheld if under the Equal Protection Clause, it can show a 'rational basis' for its decision." *Nazareth Hosp. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 747 F.3d 172, 180 (3d Cir. 2014) (citing *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). "As such, the equal protection argument can be folded into the APA argument, since no suspect class is involved and the only question is whether the … treatment [of appellees] was rational (i.e., not arbitrary and capricious)." *Id.* (quoting *Ursack Inc. v.*

*Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955 (9th Cir. 2011)) (quotations omitted). "Taken together, we need only consider whether the Secretary set forth a satisfactory, rational explanation for [the] actions here." *Id.*

Here, the plaintiff argues, as he similarly did for other claims, that "the administrative record does not support the weight the agency placed upon it, and the interpretation adopted by the Departmental Appeals Board extends beyond what the statute permits." (Doc. 25, at 38). But as we held above, we find that the Secretary applied the correct legal standards to the facts presented in reaching his decision to exclude the plaintiff from participating in federally funded healthcare programs, a decision that was supported by substantial evidence in the record. Therefore, we found that the Secretary's decision was not "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law" under the APA, as argued by the plaintiff. Accordingly, we find that the Secretary's decision also satisfies the rational basis standard as necessitated under a claim under the Equal Protection Clause. *See New Jersey Hosp. Ass'n v. Waldman*, 73 F.3d 509, 517 (3d Cir. 1995) (finding that arbitrary and capricious review also governed by whether the state

can show rational basis). The plaintiff thus cannot support his claim under the Equal Protection Clause.

**IV. Conclusion**

For the foregoing reasons, the Secretary's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative, motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is granted. We will affirm the Secretary's decision to exclude the plaintiff from participation in federally funded health care pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1320a-7(a)(2) and enter judgment in favor of the Secretary. Moreover, plaintiff's remaining claims will be dismissed.

An appropriate order follows.

Dated: September 24, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge